## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| JENE W. OWENS, SR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| VS. | * | CASE NO.: 12-00005 |
| | * | |
| | * | |
| DCM SERVICES, LLC, and | * | |
| OMNICARE-UNICARE, INC., | * | |
| | * | |
| Defendant. | * | |

## COMPLAINT

COMES NOW Plaintiff, Jene W. Owens, Sr., (hereafter "Plaintiff") by counsel, and for his Complaint against the Defendants, alleges as follows:

### JURISDICTION

1.      This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and 28 U.S.C. 1367. This action also includes state law claims as to which this Court has pendant jurisdiction.

### PARTIES

2.      The Plaintiff is a natural person and resident of the Mobile County, Alabama. He is a "consumer" as defined by 15 U.S.C. § 1692a(3).

3.      Defendant DMC Services, LLC. ("DMC"), is a foreign corporation that has its principal place of business in the state of Minnesota. DMC is a "debt collector" as defined by the 15 U.S.C. § 1692a(6).

4.      Defendant Omnicare-Unicare, Inc. ("Omnicare"), is a foreign corporation that has its principal place of business in Florida. Omnicare is a "debt collector" as defined by the 15 U.S.C. § 1692a(6).

## FACTS

5.      Plaintiff is a retired Federal Bureau of Investigation Special Agent.  On October 10, 2010 Plaintiff's wife, Janice Owens, passed away after a prolonged illness.

6.      Beginning on February 28, 2011, defendant Omnicare began sending bills to Plaintiff demanding payment for services rendered by a third-party medical provider to Mrs. Owens.  The bills were addressed to Plaintiff and demanded payment by Plaintiff of over $5,900.00 in expenses allegedly incurred while Mrs. Owens was receiving medical care from third-party providers.  Upon information and belief, the alleged debt relates to medical services provided by an entity other than Omnicare and Omnicare was at all times attempting to collect a debt owed to a separate entity.

7.      On April 19, 2011 Gene Owen, Jr., Plaintiff's son, wrote a letter on behalf of his father to Defendant Omnicare explaining that the bills that had been received by Plaintiff pertained to services rendered to Mrs. Owens.  The letter further explained that Mrs Owens died on October 10, 2010 and that  no estate had been opened.  The letter also explained that Plaintiff had recently suffered a stroke and was unable to handle his affairs.  This letter constitutes direct notice to Defendant that the alleged debt is not owed by the Plaintiff and that no estate was opened for Mrs. Owens.  Therefore, Defendant knew or reasonably should have known that any legitimate further collection of the alleged debt should be made through legitimate probate channels.  This would include any creditor's right to open an estate for a deceased for the purposes of collecting a debt and filing a claim in the estate.

8.      Despite receiving said notice, Defendant Omnicare continues to submit bills directly to Plaintiff for medical services rendered to Mrs. Owens.  A demand for payment in the amount of $5,934.20 was sent on or about April 30, 2011.  Subsequent demands were mailed May 31, June 30, August 31 and November 20, 2011.

9.      On or about May 16, 2011, Plaintiff wrote another letter to Defendant Omnicare again explaining that the debt referenced in the invoices is not owed by him but rather was incurred for services provided to his deceased wife.

10.     Rather than cease its attempts to collect money from Plaintiff which it knew this was not owed by Plaintiff, Defendant Omnicare referred the account to Defendant DCM for collection. DCM is a debt collector which specialized in the collection of debts incurred by estates. Upon information and belief, this referral was made with instructions to collect directly against Plaintiff.

11.     On May 25, 2011 Defendant DCM sent a letter to Plaintiff addressed to "The Estate of Janice Owens." The letter begins with an acknowledgment that Mrs. Owens is deceased but goes on to state that $5,934.20 is owed "on this account." The letter implies that this debt is subject to "interest, late charges, and other charges." Upon information and belief, any debt incurred by Mrs. Owens resulting from medical services provided to her was not subject to any late charges. However, the letter implies that the delay in payment of that amount will result from an increase in the amount of the debt owed. (A copy of the letter is attached hereto as Exhibit "A").

12.     The May 25th DCM letter states "if a probate matter has been opened, please accept this letter as notice of a claim on behalf of our client."

13.     Whether a probate estate has been opened for Mrs. Owens is a matter of public record and that information is available to DCM. Further, the letter does not mention or reference the possibility that there is no personal representative of the estate because no estate has been opened. Rather, the letter implies that the recipient has a legal obligation to pay the debt on behalf of the deceased.

14.     The letter is confusing, misleading and written with the intent to induce a surviving spouse to pay debts incurred by the deceased which are not owed by the surviving spouse. The attempted collection of a debt owed by a deceased person directly against the surviving spouse is outside of the legitimate avenues for collections available to creditors with regard to such debts. If an estate has not been opened, a creditor has the right to open an estate under Alabama law for the purposes of collecting a debt against the property of the estate. If an estate has been opened, the proper procedure for collecting any sums owed by the deceased is by filing a claim in probate court against the estate. The DCM letter is intended as a means to circumvent those legitimate avenues

for collection by inducing a surviving spouse into payment of sums not owed directly to the creditor so that he creditor avoids the expense and delay involved in pursuing collections through the legitimate process outlined above.

15.     On or about June 6, 2011, Plaintiff wrote a letter to Defendant DCM in response to the May 25th letter in which Plaintiff stated again that no estate had been opened for Mrs. Owens and that he did not intend to open any estate.  On information and belief the dispute letter or the fact of Plaintiff's dispute was relayed by DCM to Defendant Omnicare..

16.     Nevertheless, Defendant Omnicare continued to send demands for payment addressed directly to Plaintiff in the amount of $5,934.20.  On June 13, 2011 Plaintiff again wrote to Defendant Omnicare explaining that he did not owe and that no estate was opened for Mrs. Owens.  Defendant Omnicare nevertheless continues to send periodic demands for payment directed directly to Mr. Owens in an attempt to induce him to pay sums not owed by him.  Such notices were mailed on May 31, 2011, June 30, 2011, and August 31, 2011.  An example of such notice is attached hereto as Exhibit "B"

## COUNT ONE
### (Fair Debt Collections Practices Act Violations - Defendant DCM)

17.     Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

18.     This is a claim asserted against Defendant DCM for multiple violations of the federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

19.     Defendant DCM is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).  The alleged debt which DCM attempted to collect from Plaintiff is a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

20.     Defendant has violated the FDCPA in connection with its attempts to collect on an alleged consumer debt.  Defendant's violations include, but are not limited to, the following:

A.   Use of false, misleading or deceptive communications which state or imply that the recipient is personally responsible for debts incurred by a deceased spouse. This is a violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692c(b);

B.   Making repeated attempts to collect upon a debt by communications with someone other than the person who is responsible for the debt. This is a violation of 15 U.S.C. §§ 1692b, 1692b(2), 1692b(3), 1692c(b);

C.   Using unfair or unconscionable means to collect or attempt to collect a debt, *to wit*: the false and misleading statements that state or imply that the recipient is personally responsible for debts incurred by a deceased spouse. This is a violation of 15 U.S.C. §§ 1692f and 1692f(1);

D.   Engaging in communication with Plaintiff, the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt. This is a violation of 15 U.S.C. § 1692d.

21.   Some or all of the actions taken by DCM in violation of the FDCPA occurred within one year of the filing prior to this action.

22.   As a proximate result of DCM's violations of the FDCPA, Plaintiff has suffered actual damages, including mental and emotional pain, distress and anguish, humiliation and embarrassment, as well as damages to his credit and reputation.

23.   As a result of its violations of the FDCPA, Defendant is liable to Plaintiff for compensatory damages, statutory damages, costs and attorneys fee, and for declaratory judgment that Defendant's conduct violated the FDCPA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant DCM for the following:

A.   Actual damages, including damages for mental and emotional pain, distress and anguish, humiliation and embarrassment, as well as damages to his credit and reputation;

B.     Statutory damages pursuant to 15 U.S.C. § 1692k;

C.     Costs and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k;

D.     Such other and further relief as this Court deems just and proper, the premises considered.

## COUNT TWO
**(Fair Debt Collections Practices Act Violations - Defendant Omnicare)**

24.     Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

25.     This is a claim asserted against Defendant Omnicare for multiple violations of the federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

26.     Defendant Omnicare is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6). The alleged debt which Omnicare attempted to collect from Plaintiff is a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

27.     Defendant has violated the FDCPA in connection with its attempts to collect on an alleged consumer debt. Defendant's violations include, but are not limited to, the following:

A.     Making repeated attempts to collect upon a debt without notifying Plaintiff that he has the right to dispute the validity of the debt and the right to request written verification of the debt as required by 15 U.S.C. § 1692g(a);

B.     Making repeated attempts to collect upon a debt without providing the required notice that the communication is from a debt collector as required by 15 U.S.C. § 1692g(11);

C.     Engaging in communication with Plaintiff, the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt. This is a violation of 15 U.S.C. § 1692d;

D.     Attempting to collect amounts not owed by Plaintiff. This is a violation of 15 U.S.C. § § 1692f(4) and 1692f(1).

E.   Continued collection activities without providing validation of debt as required by 15 U.S.C. § 1692g(b).

F.   Use of false, misleading or deceptive communications which state or imply that the recipient is personally responsible for debts incurred by a deceased spouse. This is a violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692c(b);

G.   Making repeated attempts to collect upon a debt by communications with someone other than the person who is responsible for the debt. This is a violation of 15 U.S.C. §§ 1692b, 1692b(2), 1692b(3), 1692c(b);

28.   Some or all of the actions taken by Omnicare in violation of the FDCPA occurred within one year of the filing prior to this action.

29.   As a proximate result of DCM's violations of the FDCPA, Plaintiff has suffered actual damages, including mental and emotional pain, distress and anguish, humiliation and embarrassment, as well as damages to her credit and reputation.

30.   As a result of its violations of the FDCPA, Defendant is liable to Plaintiff for compensatory damages, statutory damages, costs and attorneys fee, and for declaratory judgment that Defendant's conduct violated the FDCPA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant Omnicare for the following:

A.   Actual damages, including damages for mental and emotional pain, distress and anguish, humiliation and embarrassment, as well as damages to his credit and reputation;

B.   Statutory damages pursuant to 15 U.S.C. 1692k;

C.   Costs and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k;

D.   Such other and further relief as this Court deems just and proper, the premises considered.

## COUNT THREE
### (Wantonness)

31.      Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

32.      The actions taken by the Defendants in attempting to collect the alleged debt against Plaintiff constitute wantonness.  Those actions were made with a wanton, reckless or conscious disregard for Plaintiff's rights and well-being.  Plaintiff suffered damage as a proximate result of Defendants' wantonness.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendants for wantonness and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs.  Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

**TRIAL BY JURY IS DEMANDED**.

_____
KENNETH J. RIEMER (RIEMK8712)
Underwood & Riemer, P.C.
Attorney for Plaintiff
Post Office Box 1206
Mobile, Alabama  36633
Telephone: (251) 432-9212
Fax Number: (251) 433-7172
E-mail: kriemer@alaconsumerlaw.com

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:**

DCM SERVICES, LLC
C/O CSC LAWYERS INCORPORATING SVC INC
150 SOUTH PERRY STREET
MONTGOMERY, AL 36104

OMNICARE-UNICARE, INC.,
700B FENTRESS BLVD
DAYTONA BEACH, FL 32114



**EXHIBIT**

A

**DCM Services, LLC**
4150 OLSON MEMORIAL HWY STE 200
MINNEAPOLIS MN  55422-4811

May 25, 2011

18739 - 111

#BWNJGZF
#1651714514315080#



To the Estate of JANICE OWENS
JANICE OWENS
151 FAIRWAY DR
DAPHNE AL  36526-7403

**Our Client:**
Unicare Prattville

**Account #:**
*******9498

**Reference #:**
7329825

**Unpaid Balance:**
$5934.20

Dear Sir or Madam:

Our company represents Unicare Prattville, and we have learned that JANICE OWENS has passed away. We are sorry for your loss, and we understand this is a difficult time for you. Our goal is to make this process as effortless as possible for everyone involved.

Our records show that at present, there is an unpaid balance of $5934.20 on this account. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day the Estate pays may be greater. Thus, if the Estate pays the amount shown, an adjustment may be necessary after we receive payment, in which event we will inform you before depositing the check for collection. If a probate matter has been opened, please accept this letter as a notice of claim on behalf of our client.

This letter is sent to you solely in your capacity as personal representative of the Estate of JANICE OWENS. If you have opened this letter and you are not the personal representative, please contact us with the name and address of the personal representative or attorney who is handling the estate. Simply contact us by phone, enter the information online at www.DCMagent.com, or check the box below and complete the reverse side.

The following are payment options: Complete the payment slip below and mail in the enclosed postage paid envelope or call DCM Services toll-free at 1-877-326-5674 to pay using a check or electronic debit. Additional payment options may also be available by phone; please ask our representative for details.

Lastly, DCM Services is pleased to provide you with complimentary access to www.MyWayForward.com, a unique website for survivors and those tasked with the responsibility of handling the final affairs of the deceased. Log on using code **skp8azhj** to find welcome assistance on financial, legal and government matters, along with helpful information on well-being and remembering the deceased.

On behalf of Unicare Prattville and DCM Services, please accept our condolences.

Sincerely,

DCM Services, LLC

**\*IMPORTANT NOTICE\***

7:00 am - 9:00 pm CT M-TH
7:00 am - 5:00 pm CT F
8:00 am - 12:00 pm CT S
Telephone: 763-852-8640
Toll-Free: 877-326-5674
Fax: 877-326-8784

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

DCM Services is a debt collector. We are attempting to collect a debt and any information obtained will be used for that purpose. Calls may be monitored or recorded for quality assurance purposes.

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**     -Side 1 of 2-



EXHIBIT
B

**STATEMENT OF ACCOUNT**

**OMNICARE - UNICARE INC.**
700B FENTRESS BLVD
DAYTONA BEACH, FL 32114

**PAGE: 1 of 1**



006578 0101

RETURN SERVICE REQUESTED                30976

For billing inquiries please call:
800-965-3974

You may also view/pay your bills at:
https://myomniview.omnicare.com

JENE OWENS
151 FAIRWAY DR
DAPHNE, AL 36526-7403

| | |
|---|---|
| ACCOUNT NO: | 89498 |
| INVOICE NO: | 566244 |
| INVOICE DATE: | 11/30/2011 |
| FACILITY: | 3186   ROBERTSDALE HEALTH ( |
| PATIENT NO: | 89498 |
| PATIENT NAME: | OWENS, JANICE |
| FACILITY CUSTOMER#: | C |
| AMOUNT DUE: | 5934.20 |

| | |
|---|---|
| DUE DATE: | 12/30/2011 |
| AMOUNT DUE: | 5934.20 |

30976*TDG17B30A000701
3DG17FFA5:1.1

KEEP TOP PORTION FOR YOUR RECORDS - RETURN BOTTOM STUB WITH PAYMENT

00000328-A

| DATE | RX NO. | DESCRIPTION | BILL CODE | NDC NO. | QUANT | AMOUNT | TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

Messages

| PREVIOUS BALANCE | PAYMENTS | CREDIT/ADJUSTMENTS | CURRENT CHARGES | TAX | FINANCE CHARGE | TOTAL DU |
|---|---|---|---|---|---|---|
| 5934.20 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 5934.20 |

TO INSURE PROPER CREDIT, DETACH AND RETURN THIS PORTION IN THE ENCLOSED ENVELOPE.       30976*TDG17B30A000701       653

☐ Please check if above address is incorrect and indicate change on reverse side.

| | |
|---|---|
| ACCOUNT NO: | 89498 |
| INVOICE NO: | 566244 |
| INVOICE DATE: | 11/30/2011 |
| FACILITY: | 3186   ROBERTSDALE HEALTH CAR |
| PATIENT NO: | 89498 |
| PATIENT NAME: | OWENS, JANICE |
| FACILITY CUSTOMER#: | C |
| AMOUNT DUE: | 5934.20 |

AMOUNT ENCLOSED $ _____

IF PAYING BY MASTERCARD, DISCOVER, VISA OR AMERICAN EXPRESS, FILL OUT BELOW.
CHECK CARD USING FOR PAYMENT

☐ MASTERCARD   ☐ DISCOVER   ☐ VISA   ☐ AMERICAN EXPRESS

CARD NUMBER

SIGNATURE                                                        EXP. DATE

**MAKE CHECK PAYABLE & REMIT TO:**

OMNICARE PHARMACY
PO BOX 713400
CINCINNATI, OH 45271-3400

0000000089498200005662441133GA1PRV90005934204